UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GERALD McCRIMON, | ) | 1:08CV0005 |
| | ) | |
| Petitioner | ) | JUDGE JAMES GWIN |
| | ) | (Magistrate Judge Kenneth S. McHargh) |
| v. | ) | |
| | ) | |
| STUART HUDSON, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | REPORT AND RECOMMENDED |
| | ) | DECISION OF MAGISTRATE JUDGE |

McHARGH, MAG. J.

The petitioner, Gerald McCrimon ("McCrimon"), filed a petition for a writ of habeas corpus arising out of his 2005 convictions for attempted murder, felonious assault, and having a weapon while under disability, in the Cuyahoga County (Ohio) Court of Common Pleas. (Doc. 1.) In his petition, Tucker raises two grounds for relief:

> 1. Petitioner's constitutional right against double jeopardy was violated when the trial court failed to merge the sentences for the two firearm specifications where the underlying felonies were committed as part of the same act or transaction.

> 2. Petitioner's constitutional right to due process of law was violated where his plea of no contest was not knowingly and voluntarily made where the plea was contingent upon the court merging the two three-year firearm specifications but failed to merge the two specifications.

(Doc. 1, at 17-18.)

The respondent contends that the first ground was not fairly presented to the state courts as a federal constitutional claim.  (Doc. 5, at 10.)  In addition, the respondent argues that both claims have been procedurally defaulted.  Id. at 11.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual background:

> During an argument, appellant, Gerald McCrimon ("appellant"), shot Ronald Anderson ("Ronald"), in the neck.  Ronald's brother, Curtis Anderson ("Curtis"), was also involved in the argument, but immediately ran away when appellant shot his brother.  Appellant chased Curtis and upon reaching him, pointed the gun at Curtis and pulled the trigger.  The gun, however, was out of ammunition and did not fire.  Curtis eventually escaped from appellant and hid until the police arrived.  Ronald and Curtis positively identified appellant as the shooter and appellant was arrested.
>
> Appellant pled no contest to two counts of attempted murder, both with a one-year and three-year firearm specification, three counts of felonious assault, two of which included a one-year and three-year firearm specification, and one count of having a weapon under a disability.  After the trial court accepted appellant's no contest plea and found appellant guilty, appellant was sentenced to a total of 24 years in prison.

(Doc. 5, RX 7, at 1; State v. McCrimon, No. 87617, 2006 WL 3095681, at *1 (Ohio Ct. App. Nov. 2, 2006).)

McCrimon, through his appellate counsel, raised two assignments of error in his timely direct appeal:

> 1. The trial court erred in failing to merge the sentences for two firearm specifications when the underlying felonies were committed as part of the same act or transaction.

> 2. Appellant's no contest plea was not knowingly and voluntarily made.

(Doc. 5, RX 5.)  On Nov. 2, 2006, the court of appeals affirmed the convictions.  (Doc. 5, RX 7; McCrimon, 2006 WL 3095681.)  McCrimon failed to file a timely appeal to the Supreme Court of Ohio.

On March 19, 2007, McCrimon filed a motion for leave to file a delayed appeal in the Ohio Supreme Court.  (Doc. 5, RX 9.)  In his brief, McCrimon expressed an intention to set forth the following propositions of law:

> 1. The trial court erred in failing to merge the sentences for two firearm specifications when the underlying felonies were committed as part of the same act or transaction.
>
> 2. Appellant's no contest plea was not knowingly and voluntarily made because the trial court misrepresented the possible sentence at the plea hearing.

(Doc. 5, RX 9, at 3.)  On May 2, 2007, the state high court denied leave to file a delayed appeal, and dismissed the appeal.  (Doc. 5, RX 10; State v. McCrimon, 113 Ohio St.3d 1487, 865 N.E.2d 912 (2007).)

McCrimon filed the petition for a writ of habeas corpus in this court on Jan. 2, 2008.  (Doc. 1.)

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under

3

the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405.  See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

McCrimon has filed his petition pro se. The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)). Other than that, no special treatment is afforded litigants who decide to proceed pro se. McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

## IV. EXHAUSTION

The respondent contends that the first ground was not fairly presented to the state courts as a federal constitutional claim. (Doc. 5, at 10.) A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)). The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)).

This court does not have jurisdiction to consider a federal claim in a habeas petition which was not fairly presented to the state courts. Baldwin v. Reese, 541

U.S. 27 (2004); Jacobs v. Mohr, 265 F.3d 407, 415 (6th Cir. 2001).  The Sixth Circuit has stated:

> A claim may only be considered "fairly presented" if the petitioner asserted both the factual and legal basis for his claim to the state courts.  This court has noted four actions a defendant can take which are significant to the determination whether a claim has been "fairly presented":  (1) reliance upon federal cases employing constitutional analysis;  (2) reliance upon state cases employing federal constitutional analysis;  (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right;  or (4) alleging facts well within the mainstream of constitutional law.

McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000), cert. denied, 532 U.S. 958 (2001) (citing Franklin v. Rose, 811 F.2d 322, 325-326 (6th Cir. 1987)).  See also Hicks v. Straub, 377 F.3d 538, 552-554 (6th Cir. 2004), cert. denied, 544 U.S. 928 (2005).  To "fairly present" the claim to the state courts, a habeas petitioner must present his claim as a federal constitutional issue, not as an issue arising under state law.  Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984).

McCrimon did not argue a constitutional double jeopardy claim in the state courts.  (Doc. 5, DX 5, at 6-11.)  Rather, in his direct appeal, McCrimon had argued that, because "[his] underlying convictions for attempted murder were both committed during the same transaction, the trial court erred in sentencing [him] to more than one prison term pursuant to [Ohio Rev. Code § ] 2929.14(D)(1)(b)."  Id. at 7.  His arguments did not rely on a double jeopardy analysis, but rather the allegedly incorrect application of Ohio statutory law concerning sentencing.  In addition, the court of appeals understood his argument to rely on Ohio statutory

6

law, and addressed the claim as such.  See generally doc. 5, RX 7, at 1-4; McCrimon, 2006 WL 3095681, at *1-*2.

McCrimon's double jeopardy claim, his first ground, was not fairly presented to the state courts as a federal constitutional issue.

## V.  PROCEDURAL DEFAULT

The respondent argues that the grounds of the petition have been procedurally defaulted, because although McCrimon raised the claims in the court of appeals, he failed to present the claims to the state high court for review.  (Doc. 5, at 11.)

As discussed above, a habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies.  Coleman, 501 U.S. at 731; Buell, 274 F.3d at 349 (citing Coleman, 244 F.3d at 538).  To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims.  Rust, 17 F.3d at 160 (citing Manning, 912 F.2d at 881).  A petitioner cannot circumvent the exhaustion requirement by failing to comply with state procedural rules. Coleman, 501 U.S. at 731-732; Buell, 274 F.3d at 349.

Where a state court has failed to address a prisoner's federal claim(s) because the prisoner failed to meet a state procedural requirement, the state judgment rests on independent and adequate state procedural grounds, barring federal habeas relief.  Coleman, 501 U.S. at 729-730; Wainwright v. Sykes, 433 U.S. 72 (1977); Morales v. Coyle, 98 F.Supp.2d 849, 860 (N.D. Ohio 2000).  Thus, where a state prisoner has procedurally defaulted his federal claims in state court, habeas review of those claims is barred "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  Buell, 274 F.3d at 348 (quoting Coleman, 501 U.S. at 750); Davie v. Mitchell, 324 F.Supp.2d 862, 870 (N.D. Ohio 2004).

The court considers four factors to determine whether a claim has been procedurally defaulted:  (1) the court must determine whether there is a state procedural rule that is applicable to the petitioner's claim, and whether the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the procedural sanction; (3) the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of the federal claim; and, (4) the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional

8

error. Buell, 274 F.3d at 348 (citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986)); Jacobs v. Mohr, 265 F.3d 407, 417 (6th Cir. 2001) (quoting Maupin).

McCrimon did not file a timely appeal to the Ohio Supreme Court, and the court denied his motion for leave to file a delayed appeal. (Doc. 5, RX 10.) The Ohio Supreme Court's denial of a motion for leave to file a delayed appeal is a procedural ruling sufficient to bar habeas review. Smith v. Ohio, Dept. of Rehab. and Corr., 463 F.3d 426, 431-432 (6th Cir. 2006); Bonilla v. Hurley, 370 F.3d 494, 497 (6th Cir. 2004) (per curiam), cert. denied, 543 U.S. 989 (2004). Such a procedural default is "an adequate and independent ground on which the state can rely to foreclose review of his federal constitutional claims." Shabazz v. Ohio, 149 F.3d 1184, 1998 WL 384559, at *1 (6th Cir. June 18, 1998) (TABLE, text in WESTLAW).

Although McCrimon cites Deitz v. Money for the proposition that "Ohio's delayed appeal rules are not 'adequate' to sustain a procedural default because they are not consistently applied," doc. 9, at 2, Deitz was discussing Ohio App.R. 5(A), not Ohio Sup. Ct. R. II § 2(A)(4)(a). Compare Deitz v. Money, 391 F.3d 804, 810-811 (6th Cir. 2004), with Smith, 463 F.3d at 431-432. The Sixth Circuit has found that the Ohio Supreme Court's denial of such a motion for leave is a sufficient procedural ruling. Smith, 463 F.3d at 431-432; Bonilla, 370 F.3d at 497.

When a petitioner has defaulted his federal claim in state court pursuant to an independent and adequate state procedural rule, habeas review is barred unless the petitioner can demonstrate cause for the default and actual prejudice, or

9

demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Bonilla, 370 F.3d at 497; Buell, 274 F.3d at 348. "Cause" for a procedural default is ordinarily shown by "some objective factor external to the defense" which impeded the petitioner's efforts to comply with the state's procedural rule. Coleman, 501 U.S. at 753 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

Although he does not argue "cause" in his traverse, McCrimon argued in his motion for leave that his failure to file a timely notice of appeal was caused by ineffective assistance of counsel. (Doc. 5, RX 9.)

Ineffective assistance of counsel can serve as cause to overcome procedural default. Smith, 463 F.3d at 432 (citing Deitz, 391 F.3d at 809). An ineffective assistance of counsel claim asserted as cause for another procedurally defaulted federal claim can itself be procedurally defaulted. Edwards v. Carpenter, 529 U.S. 446, 453 (2000). "A claim of ineffective assistance of counsel must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." Deitz, 391 F.3d at 809 (citing Edwards, 529 U.S. at 452).

Claims of ineffective assistance of appellate counsel must be raised in a motion for reconsideration before the Ohio Court of Appeals. Monzo v. Edwards, 281 F.3d 568, 577 (6th Cir. 2002) (citing State v. Murnahan, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992)); Ohio App. R. 26(B). Such a motion must be filed in the court of appeals within 90 days of the appellate judgment. State v. Lamar, 102 Ohio

St.3d 467, 468, 812 N.E.2d 970 (2004) (per curiam), cert. denied, 543 U.S. 1168 (2005); State v. Reddick, 72 Ohio St. 3d 88, 90, 647 N.E.2d 784, 786 (1995) (per curiam). McCrimon did not raise this issue before the state courts, thus it cannot serve as cause.

Because McCrimon has not shown cause, it is unnecessary to consider the issue of prejudice. Murray, 477 U.S. at 494; Shabazz, 1998 WL 384559, at *1.

## VI.  SUMMARY

The petition for a writ of habeas corpus should be denied. The first ground was not fairly presented to the state courts as a federal constitutional issue, and thus was not exhausted. Both the first and the second grounds are procedurally defaulted, because McCrimon did not properly present the claims to the state high court for review.

## RECOMMENDATION

It is recommended that the petition be denied.


Dated:   Apr. 13, 2009                        /s/ Kenneth S. McHargh
                                              Kenneth S. McHargh
                                              United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).