UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
GERALD MCCRIMON                                 :
                                                :  CASE NO. 1:08-CV-5
            Petitioner,                         :
                                                :
vs.                                             :  OPINION & ORDER
                                                :  [Resolving Doc. Nos. 1, 10 & 16.]
STUART HUDSON                                   :
                                                :
            Respondent.                         :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On January 2, 2008, Petitioner Gerald McCrimon filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [Doc. 1.] With his petition, McCrimon seeks relief from the judgment and sentence that an Ohio state court imposed after McCrimon pled no contest to two counts of attempted murder (both with a one year and three year firearm specification), three counts of felonious assault (two of which included a one year and three year firearm specification), and one count of having a weapon under a disability. [*Id.* at 1.] Respondent warden Stuart Hudson opposes the petition. [Doc. 5.]

On April 13, 2008, Magistrate Judge Kenneth S. McHargh filed a Report and Recommendation that recommended the Court dismiss the Petitioner's writ. [Doc. 10.] The Petitioner objects to the Magistrate Judge's Report and Recommendation. [Doc. 16.] For the reasons provided below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES** Petitioner McCrimon's request for habeas relief.

Case No. 1:08-CV-5
Gwin, J.

# I. Background

On November 9, 2005, Petitioner Gerald McCrimon pled no contest in the Court of Common Pleas, Cuyahoga County, to two counts of attempted murder (both with a one year and three year firearm specification), three counts of felonious assault (two that included a one year and three year firearm specification), and one count of having a weapon under a disability. *State v. McCrimon*, No. 87617, 2006 WL 3095681, ¶ 2 (Ohio Ct. App. Nov. 2, 2006).

The state court of appeals set out the facts underlying the state criminal case:

During an argument, . . . McCrimon . . ., shot Ronald Anderson ("Ronald"), in the neck. Ronald's brother, Curtis Anderson ("Curtis"), was also involved in the argument, but immediately ran away when [McCrimon] shot his brother. [McCrimon] chased Curtis and upon reaching him, pointed the gun at Curtis and pulled the trigger. The gun, however, was out of ammunition and did not fire. Curtis eventually escaped from [McCrimon] and hid until the police arrived. Ronald and Curtis positively identified [McCrimon] as the shooter and [McCrimon] was arrested.

*Id.* ¶ 1. After McCrimon entered the no contest plea, the trial court accepted the plea, found McCrimon guilty, and sentenced him to a total of 24 years in prison. *Id.* ¶ 2.

Petitioner McCrimon timely appealed the sentence to the state court of appeals, raising two assignments of error: (1) "the trial court erred in failing to merge the sentences for the two firearm specifications because the underlying felonies were committed as part of the same act or transaction," *id.* ¶ 3; and (2) the Petitioner's "plea of no contest was not knowingly and voluntarily made because the trial court misrepresented the possible sentence at the plea hearing," *id.* ¶ 13. On November 2, 2006, the state court of appeals overruled both assignments of error and affirmed McCrimon's conviction. *Id.* ¶ 12, 20.

McCrimon failed to timely appeal the decision of the state court of appeals to the Supreme Court of Ohio. On March 19, 2007, McCrimon filed a motion for leave to file a delayed appeal with

Case No. 1:08-CV-5
Gwin, J.

the Supreme Court of Ohio. [Doc. 5-5, Ex. 8 at 10.] In his accompanying brief, McCrimon set forth the following proposed propositions of law:

> 1. The trial court erred in failing to merge the sentences for two firearm specifications when the underlying felonies were committed as part of the same act or transaction.
>
> 2. [Petitioner McCrimon's] no contest plea was not knowingly and voluntarily made because the trial court misrepresented the possible sentence at the plea hearing.

[Doc. 5-5, Ex. 9 at 15.] On May 2, 2007, the Supreme Court of Ohio denied McCrimon's motion for leave to file a delayed appeal and dismissed the case. [Doc. 5-5, Ex. 10 at 32.]

On January 2, 2008, McCrimon filed a petition for a writ of habeas corpus asserting the following grounds for relief:

> GROUND ONE: [The] Petitioner's constitutional right against double jeopardy was violated when the trial court failed to merge the sentences for the two firearm specifications where the underlying felonies were committed as part of the same act or transaction.
>
> GROUND TWO: [The] Petitioner's constitutional right to due process of law was violated where his plea of no contest was not knowingly and voluntarily made where the plea was contingent upon the court merging the two three-year firearm specifications but failed to merge the two specifications.

[Doc. 1 at 16-17.] After Respondent Stuart Hudson filed a Return of Writ on May 7, 2008, [Doc. 5], Magistrate Judge McHargh filed a Report and Recommendation that recommended the Court deny McCrimon's petition, [Doc. 10.] The Petitioner objects to the Magistrate Judge's Report and Recommendation. [Doc. 16.] The Court considers the Petitioner's objections below.

## II. Legal Standard

*A. Federal Magistrates Act*

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of

Case No. 1:08-CV-5
Gwin, J.

those portions of a Report and Recommendation to which an objection has been made.  *See* 28 U.S.C. § 636(b)(1).  As noted in Magistrate Judge McHargh's Report and Recommendation, any objections must be filed with the Clerk of Court within ten days of the report's issuance.  Parties waive their right to appeal the Magistrate Judge's Recommendation if they fail to object within the time allotted.  *See id.*

*B. The Antiterrorism and Effective Death Penalty Act*

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), governs collateral attacks on state court decisions.  The AEDPA provides that federal courts cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d); *see also Miller v. Francis,* 269 F.3d 609, 614 (6th Cir. 2001).

The United States Supreme Court outlined the proper application of § 2254(d) in *Williams v. Taylor,* 529 U.S. 362 (2000).  To justify a grant of habeas relief under the "contrary to" clause, "a federal court must find a violation of law clearly established by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision."  *Miller,* 269 F.3d at 614 (quoting *Williams,* 529 U.S. at 412) (internal quotations omitted).  A federal habeas court may grant the writ "under the 'unreasonable application' clause . . . if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id*. at 413 (citations omitted).  The Sixth Circuit holds

-4-

Case No. 1:08-CV-5
Gwin, J.

that, even if a federal court determines that a state court incorrectly applied federal law, the federal court still cannot grant habeas relief unless it also finds that the state court ruling was unreasonable. *Simpson v. Jones,* 238 F.3d 399, 405 (6th Cir. 2000).

*C. Exhaustion Standard*

State prisoners must exhaust their state remedies for the claimed constitutional violations before raising claims in federal habeas corpus proceedings. *See* 28 U.S.C. § 2254(b)-(c); *Rose v. Lundy*, 455 U.S. 509 (1982). This requirement is satisfied "when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). If relief is no longer available in state court, however, exhaustion can be rendered moot: "If no remedy exists, and the substance of a claim has not been presented to the state courts, no exhaustion problem exists; rather, it is a problem of determining whether cause and prejudice exist to excuse the failure to present the claim in the state courts." *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

*D. Procedural Default Standard*

A claim may become procedurally defaulted in two ways. First, a petitioner may fail to comply with a state procedural rule in presenting his claim to the appropriate state court. *See Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006). In deciding whether a petitioner's federal claim is procedurally defaulted because of his noncompliance with a state procedural rule, the Sixth Circuit examines four factors: (1) whether there is a state procedural rule that applies to the petitioner's claim and whether the petitioner failed to comply with that rule; (2) whether the state courts actually enforced the procedural rule at issue; (3) whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal

Case No. 1:08-CV-5
Gwin, J.

constitutional claim; and (4) if the petitioner did not comply with a state procedural rule that constituted an adequate and independent state ground, whether the petitioner has demonstrated that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *See* Buell v. Mitchell, 274 F.3d 347, 348 (6th Cir. 2001); *see also* Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986).

Second, a petitioner may cause his claim to be procedurally defaulted by failing to raise it in state court and to pursue it through the state's "ordinary appellate review procedures." O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999). If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted. *See* Engle v. Isaac, 456 U.S. 107, 125 n. 28 (1982); *see also* Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). This notion differs from exhaustion, as AEDPA's exhaustion requirement only "refers to remedies still available at the time of the federal petition." Engle, 456 U.S. at 125 n. 28. Thus, when state court remedies are no longer available to a petitioner because he fails to use them within the required time period, procedural default – not exhaustion – bars federal court review. *See* id. In Ohio, a petitioner cannot raise a claim in post-conviction proceedings when this claim could have been litigated before judgment or on direct appeal. *See* id. As a result, if an Ohio petitioner fails to adequately raise a claim on direct appeal, the claim is procedurally defaulted. *See* id.

To adequately raise a claim on direct appeal, a petitioner must "fairly present" the claim to the state court. McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000). In doing so, a "petitioner must present his claim to the state courts as a federal constitutional issue – not merely as an issue arising under state law." Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984). A petitioner can demonstrate that his claim has been fairly presented to the state court as a federal constitutional claim

-6-

Case No. 1:08-CV-5
Gwin, J.

by: (1) relying upon federal cases employing constitutional analysis; (2) relying upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003).

A habeas court will consider the merits of a federal claim that was procedurally defaulted in the state court only if "the petitioner can show cause to excuse his failure to present the claim[] appropriately in state court[] and actual prejudice as a result." *Stanford v. Parker*, 266 F.3d 442, 451 (6th Cir. 2001); *see also Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Teague v. Lane*, 489 U.S. 288, 298-99 (1989). To demonstrate cause, the petitioner must establish "that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule." *Franklin*, 434 F.3d at 417 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). To demonstrate prejudice, the petitioner must show "that the errors at trial 'worked to [petitioner's] *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Jells v. Mitchell*, 538 F.3d 478, 488 (6th Cir. 2008) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)). Under this standard, prejudice does not occur unless the petitioner demonstrates that there is "a reasonable probability" that the outcome of the trial would have been different. *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003) (citing *Strickler v. Greene*, 527 U.S. 263, 289 (1999)).

Finally, "[i]n cases involving probable innocence, courts address the merits of the defaulted claim to avoid a fundamental miscarriage of justice." *Stanford*, 266 F.3d at 452; *see also Schlup v. Delo*, 513 U.S. 298, 317-23 (1995). In claiming that "a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense," *Jones v.*

-7-

Case No. 1:08-CV-5
Gwin, J.

*Bradshaw*, 489 F. Supp. 2d 786, 806 (N.D. Ohio 2007) (citing *Dretke v. Haley*, 541 U.S. 386, 392 (2004)), a petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. "[A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare" and, as a result, "claims of actual innocence are rarely successful." *Id.* at 324.

### III. Analysis

*A. Procedurally Defaulted Grounds for Relief*

Petitioner McCrimon argues that his two grounds for habeas relief are not procedurally defaulted and thus can properly be considered by the Court. The Petitioner did not present his first ground for habeas relief – a constitutional double jeopardy claim – to the state courts; instead, he merely asserted that the trial court incorrectly interpreted Ohio statutory law in sentencing him. Thus, this ground for relief was not fairly presented to the state courts as a federal constitutional issue. Moreover, McCrimon did not file a timely appeal with the Supreme Court of Ohio and cannot demonstrate cause for the default and actual prejudice or show that the Court's failure to consider his claims will result in a fundamental miscarriage of justice. The Court therefore agrees with Magistrate Judge McHargh and denies McCrimon's two grounds for relief due to procedural default.

This Court does not have jurisdiction to consider a federal claim in a habeas petition that was not fairly presented to the state courts. *See Baldwin v. Reese*, 541 U.S. 27, 30-31 (2004); *Jacobs v. Mohr*, 265 F.3d 407, 415 (6th Cir. 2001). "A claim may only be considered 'fairly presented' if the petitioner asserted both the factual and legal basis for his claim to the state courts." *McMeans*, 228 F.3d at 681 (citations omitted).

Case No. 1:08-CV-5
Gwin, J.

In this case, on direct appeal, Petitioner McCrimon did not characterize his first ground for relief as a constitutional double jeopardy claim. Instead, McCrimon focused purely on Ohio state law in his brief and argued that the trial court erred in sentencing him. [Doc. 5-1, Ex. 5 at 26-31.] The state court of appeals also understood McCrimon to be making an argument based only on state law and proceeded to analyze McCrimon's first assignment of error in light of O.R.C. § 2929.14(D)(1)(b) and Ohio state law, ultimately determining that the trial court did not err in sentencing McCrimon. *McCrimon*, 2006 WL 3095681, ¶ 12. Thus, McCrimon's first ground for relief was not fairly presented to the state courts as a federal constitutional claim and this Court is therefore barred from considering it.

Further, under the *Maupin* test, as articulated in *Buell*, Petitioner McCrimon has procedurally defaulted his two grounds for federal habeas relief. To determine whether a petitioner's federal claim is procedurally defaulted because of his non-compliance with a state procedural rule, the Court takes into account four factors: (1) whether there is a state procedural rule that applies to the petitioner's claim and whether the petitioner failed to comply with that rule; (2) whether the state courts actually enforced the procedural rule at issue; (3) whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim; and (4) if the petitioner did not comply with a state procedural rule that constituted an adequate and independent state ground, whether the petitioner has demonstrated that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *See Buell*, 274 F.3d at 348; *see also Maupin*, 785 F.2d at 138.

Here, Petitioner McCrimon did not raise his two grounds for relief to the Supreme Court of Ohio. Instead, he articulated them in a motion to file a delayed appeal that the Supreme Court of

Case No. 1:08-CV-5
Gwin, J.

Ohio ultimately denied under Ohio Supreme Court Rule II § 2(A)(4)(a). Applying the first part of the *Maupin* test, it is clear that McCrimon failed to comply with an applicable state procedural rule. The second part of the *Maupin* test was satisfied when the state appellate court enforced this procedural rule by denying McCrimon's application for delayed appeal.

With respect to the third part of the *Maupin* test, the Sixth Circuit has consistently held that "denial of review on the basis of Rule II § 2(A)(4)(a) is an adequate procedural ground to foreclose federal habeas review." *Smith v. State of Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 431-32 (6th Cir. 2006); *see also Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004).

The Court can excuse the procedural default of Petitioner McCrimon's claims if he demonstrates "cause" and "prejudice" for the default. Although McCrimon does not make any argument regarding "cause" or "prejudice" in his § 2254 habeas petition, McCrimon contended in his motion for leave to file a delayed appeal that his failure to file a timely notice of appeal with the Supreme Court of Ohio was caused by ineffective assistance of counsel. [Doc. 5-5, Ex. 9 at 30-31.] Courts have held, however, that "[a] claim of ineffective assistance of counsel must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Deitz v. Money,* 391 F.3d 804, 809 (6th Cir. 2004) (citing *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000)). Despite the fact that "an ineffective-assistance-of-counsel claim can itself be procedurally defaulted, the procedural default may be excused 'if the prisoner can satisfy the cause-and-prejudice standard with respect to *that* claim.'" *Id.* (citing *Edwards,* 529 U.S. at 453).

Thus, to use his ineffective assistance of counsel claim to overcome the procedural default of his two habeas claims, McCrimon would have had to raise his ineffective assistance of counsel claim in a motion for reconsideration filed with the appropriate state court of appeals. *See Monzo v.*

-10-

Case No. 1:08-CV-5
Gwin, J.

*Edwards*, 281 F.3d 568, 577 (6th Cir. 2002) (citing *State v. Murnahan*, 584 N.E.2d 1204, 1208 (Ohio 1992)). Such a motion must be filed in the state appellate court within 90 days of the appellate judgment. *See State v. Lamar*, 812 N.E.2d 970, 971 (Ohio 2004) (per curiam), *cert. denied*, 543 U.S. 1168( 2005). McCrimon failed to file this motion, however, and he does not now present cause and prejudice to excuse the procedural default of his ineffective assistance of counsel claim.

Because Petitioner McCrimon cannot demonstrate cause for failing to present his claims to the Supreme Court of Ohio by showing that an "'objective factor external to the defense impeded [his] efforts to comply' with [Rule II § 2(A)(4)(a)]," *Franklin*, 434 F.3d at 417 (quoting *Murray*, 477 U.S. at 488), the Court does not need to consider the issue of prejudice. *Murray*, 477 U.S. at 494. Additionally, McCrimon has not made out a claim of actual innocence. As a result, McCrimon's two grounds for habeas relief are procedurally defaulted and the Court denies McCrimon's § 2254 petition.

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES** Petitioner McCrimon's § 2254 petition. Accordingly, this action is dismissed. Further, the Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certificate of

-11-

Case No. 1:08-CV-5
Gwin, J.

appealability.[1] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.


Dated: June 17, 2009                            *s/    James S. Gwin*
                                                          JAMES S. GWIN
                                                          UNITED STATES DISTRICT JUDGE

---

[1] The denial of a certificate of appealability in this case is proper because Petitioner McCrimon cannot show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the [Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).